IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK HENRY BUSH,                    *

   Petitioner,                          *

   v.                                   *    Civ. No. DLB-21-2305

RONALD S. WEBER, *et al.*              *

   Respondents.                         *

## MEMORANDUM

Patrick Henry Bush filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. The respondents filed an answer to the petition asserting it must be dismissed as untimely. ECF 6. On August 4, 2022, the Court directed Bush to file a response to the respondents' timeliness defense within 28 days. ECF 10. Bush failed to file a response. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed as time-barred and a certificate of appealability shall not issue.

I.    **Background**

On September 7, 2016, Bush was indicted on charges of first degree murder, second degree murder, carjacking, armed robbery, and theft. ECF 6-1, at 78, 80–82. On June 27 through June 28, 2017, Bush was tried by bench trial in the Circuit Court for Baltimore City, Maryland. *Id.* at 17–18. The state court found Bush guilty of all charges except carjacking. *Id.* On September 14, 2017, the court sentenced Bush to life imprisonment without the possibility of parole, plus 35 consecutive years. *Id.* at 15–16.

Bush filed a direct appeal with the Appellate Court of Maryland, and in an unpublished opinion issued on September 28, 2018, Bush's conviction was affirmed. ECF 6-1, at 175–85. The mandate issued on November 14, 2018. *Id*. at 187–89. Bush filed a petition for certiorari, which was denied by the Supreme Court of Maryland on December 14, 2018. *Id.* at 195.

On October 26, 2018, while Bush's direct appeal was pending, Bush filed a petition for post-conviction relief. *Id.* at 190–93; 196–201. The state court held a hearing on November 5, 2018 and denied the petition on April 16, 2019. *Id.* at 13, 203–05. Bush filed an application for leave to appeal to the Appellate Court of Maryland, which was denied on January 8, 2020. *Id.* at 213–14. The mandate issued on February 10, 2020. *Id.* at 215.

On February 27, 2020, Bush filed a petition for a writ of habeas corpus in state court. *Id.* at 216–26. The state court denied the petition on March 20, 2020. *Id.* at 227. Bush appealed the order to the Appellate Court of Maryland, but the appeal was dismissed on October 5, 2020, as "not allowed by law." *Id.* at 228. The mandate issued on November 5, 2020. *Id.* at 229. The Supreme Court of Maryland subsequently denied Bush's petition for certiorari on December 21, 2020, *id.* at 236, and motion for reconsideration on July 6, 2021, *id.* at 240–41.

Bush filed his petition for writ of habeas corpus in this Court on August 19, 2021. ECF 1 (date of Bush's signature). He alleges that the state court violated Maryland's "Hick's Rule" by failing to bring him to trial within 180 days of his initial appearance or appearance of counsel, without having good cause for the delay. *Id.* at 5.

II.     **Standard of Review**

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  This means the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed.  The limitations period is also subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'"  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted).  Extraordinary circumstances may involve "wrongful conduct" on the part of the

3

government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

### III.   Analysis

#### A.  Timeliness

In this case, the one-year limitations period for filing for federal habeas relief runs from the date the judgment became final, that is, the last date to file for direct review. 28 U.S.C. § 2244(d)(1)(A). Bush unsuccessfully appealed his conviction through the Maryland state courts. Bush had 90 days from December 14, 2018, to seek certiorari with the United States Supreme Court, which he did not do. *See* U.S. Sup. Ct. Rule 13.1. Therefore, Bush's conviction became final on March 14, 2019.

That date, however, did not start the limitations clock. The period for filing a habeas petition was tolled because Bush had filed a petition for postconviction relief on October 26, 2018, and the Appellate Court of Maryland did not deny Bush's application for leave to appeal the denial of his petition and issue the mandate until February 10, 2020. Thus, the statute of limitations was tolled until February 10, 2020.

Seventeen days later, on February 27, 2020, Bush filed his state court petition for writ of habeas corpus. That petition tolled the limitation period from the date of filing through March 20, 2020, the date the state court denied his petition.

Bush's subsequent appeals of the denial of habeas corpus petitions did not toll the one-year limitation period. This is because they were not "properly filed" per Maryland law, which does not allow for appellate review of decisions on habeas corpus petitions, *see* Md. Code Ann., Crim. Proc. § 7-107(b)(1). *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection."); *Escalante v. Watson*, 488 F. App'x 694, 697 (4th Cir. 2012) (finding appeal not "properly filed" when it was refused because it was not "perfected in the manner provided by law").

More than one year passed between the date the state court dismissed Bush's state petition for habeas corpus on March 20, 2020 and the date he filed his federal petition for habeas corpus on August 19, 2021. Bush's federal petition is untimely. Bush has not requested equitable tolling or provided the Court with any other justifiable reason to excuse his untimely petition.

### B.  Cognizable Claim

A writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68. Bush's claim that he was not brought to trial within 180 days, in violation of Maryland's "Hick's Rule," alleges only a violation of state criminal procedure and state rules. Bush's single claim for relief is not cognizable on federal habeas corpus review, even if the petition were timely filed or equitable tolling applied.

### IV.    Certificate of Appealability

Having found that the petition is untimely, this Court must determine if a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Bush's pleadings fail to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order dismissing the petition as untimely and denying a certificate of appealability follows.

July 3, 2024
Date

Deborah L. Boardman
United States District Judge